UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10452-RGS

RICHARD PECKHAM and
KELLY PECKHAM

v.

SN SERVICING CORPORATION, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

November 14, 2022

STEARNS, D.J.

Plaintiffs Richard Peckham and Kelly Peckham brought this action against defendants SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Sequoia Funding Trust (U.S. Bank) on March 9, 2022, in the Barnstable Superior Court. The Peckhams allege that defendants failed to give them proper Notice of Default and Notice of Acceleration before initiating foreclosure on their home at 99 Pine Avenue in Hyannis. Defendants removed the case to this court on March 25, 2022 and filed a motion to dismiss the Complaint. On April 26, 2022, the Peckhams opposed the motion to dismiss, denying the authenticity of the two letters dated August 10, 2017 (Defs.' Ex. 5 and 6) that defendants contend

<gave the Peckhams proper Notice. After the court ordered sixty days of limited discovery to the genuineness of the letters, the Peckhams amended the Complaint, conceding the letters' authenticity while maintaining that the Notice was nonetheless deficient. On September 16, 2022, U.S. Bank renewed the motion to dismiss.

The Peckhams contend that the 90-day Notice and the Notice of Default served by defendants neglected to specify the amount owed or the date by which the default could be cured in breach of Paragraph 22 of the Mortgage. Dkt # 28. *See Pinti v Emigrant Mortg. Co., Inc.*, 472 Mass. 226, 243 (2015) (the 90-day provision in Paragraph 22 of the standard Mortgage Form is a component of the power of sale and is to be strictly construed).

Paragraph 22 of the Peckhams' Mortgage states as follows:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Agreement . . . [t]he notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) . . . . The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Paragraph 22 does not require the Notice be given in a single document. Here, the Notice of Default sent to the Peckhams incorporated the 90-day Notice by reference. The 90-day Notice in turn detailed the amount of the

default and the date by which the cure must be made.  *See* Defs. Exs. 1, 6.[1] The 90-day Notice specified: (a) the default ("you did not make your monthly loan payment[s] due on June 1, 2017, July 1, 2017 and August 1, 2017");  (b) the action required to cure the default ("you must pay the due amount of $11,220.15"); and (c) a date greater than 30 days from the date of notice by which to cure the default ("on or before November 8, 2017").  *Id.*  Although the Notice failed to state, as the Peckhams contend, "when or where this 90-day right to cure notice was given," each of the documents list the date "April 10, 2017" and a delivery address of "99 Pine Tree Avenue, Hyannis, Massachusetts." Dkt # 30.

As a fallback, the Peckhams assert that the Notice of Acceleration, dated January 24, 2018, used conditional language in describing an unequivocal right, which then watered it down in violation of paragraph 19 of the Mortgage.  *See Fed. Nat'l Mortg. Ass'n v. Marroquin*, 477 Mass 82, 85 (2017).  Another session of the court presented with an identical argument resting on the same cases cogently observed:

> *Pinti* and *Marroquin* … speak only to the lender's obligation with respect to the notice of default, and not to any subsequent

---

[1] On a motion to dismiss the court may look to documents central to a plaintiff's claim the authenticity of which are not in dispute (as is the case here after limited discovery). *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

correspondence by the lender. In fact, neither case offers a view on what language should or should not be included in a notice of acceleration. Moreover, Plaintiff does not cite any case law holding that a foreclosure is void as a result of conditional language in a notice of acceleration that describes the borrower's rights to reinstate after acceleration or to assert the non-existence of default or a defense to acceleration or sale.

*Stephens v. Rushmore Loan Mgmt. Servs., LLC,* 2022 WL 1608470, at *5 (D. Mass. May 20, 2022) (Burroughs, J.). *See also Gomes v. Harrison*, 97 Mass. App. Ct. 745, 755 (2020) ("Paragraph 19, in contrast to paragraph 22, does not require any notice at all.").

## ORDER

For the foregoing reasons, the court grants defendants' motion to dismiss. The Clerk will close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE